IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH J. GONZALES, JR. | ) | CASE NO. 3:08 CV 2269 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CARL ANDERSON, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Joseph J. Gonzales, Jr. for a writ of habeas corpus filed under 28 U.S.C. § 2254.[2]  Gonzales is incarcerated at the Toledo Correctional Institution serving a thirty-four year term,[3] which consists of two nine-year prison terms for two counts of rape, one eight-year prison term for aggravated robbery, and one eight-year prison term for aggravated burglary.[4]  In 2006, after Gonzales pleaded guilty, the Hancock County Court of Common Pleas, Findlay, Ohio, ordered the terms to be consecutive.[5]

---

[1] ECF # 3.  United States District Judge James S. Gwin made referral to United States Magistrate Judge William H. Baughman, Jr. on November 15, 2008.

[2] ECF # 1.

[3] *Id.*

[4] *Id.*

[5] *Id.*

In his petition for writ of habeas corpus, Gonzales presents three grounds for relief: (1) asserting that the ruling of the Ohio Supreme Court in *State v. Foster*[6] violates the ex post facto and due process clauses of the United States Constitution;[7] (2) claiming that trial counsel provided ineffective assistance by failing to object when the trial court imposed non-minimum, consecutive sentences;[8] and (3) contending that the trial court committed plain error by denying Gonzales due process by imposing the non-minimum, consecutive sentences.[9]  In its return of writ,[10] the State maintains that (1) Gonzales procedurally defaulted his challenge of ex post facto and due process;[11] (2) Gonzales did not receive ineffective assistance of counsel;[12] and (3) the trial court did not commit plain error during sentencing. [13]

For the reasons that follow, I will recommend that the petition be denied.

---

[6] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[7] ECF # 1 at 14-16.

[8] *Id.* at 16.

[9] *Id.* at 17.

[10] ECF # 6.

[11] *Id.* at 7-8.

[12] *Id.* at 11-15.

[13] *Id.* at 15.

## Facts

**A.      Underlying facts and state trial**

The parties do not contest the facts that occurred on November 18, 2005 giving rise to Gonzales's conviction.[14]  On that day, Gonzales arrived at the residence of Celeste McGee, forced his way inside, and threatened to assault her.  Once inside the home, Gonzales took eleven dollars in cash and a metal nail file from the table.  When McGee objected, Gonzales told McGee that he would slit her throat.  Gonzales then led McGee to McGee's bedroom where Gonzales forced McGee to submit to vaginal intercourse and digital penetration of her anus.  Following the assault, McGee was eventually able to fight-off Gonzales, and Gonzales fled McGee's residence.  McGee then called 911 and reported the sexual assault.  Upon broadcasting McGee's description of the suspect, police in the area stopped Gonzales a short time later.  Upon patting Gonzales down, the police found a metal nail file on Gonzales's person.  McGee was brought to the scene and positively identified Gonzales as the man who raped her.  During a later search following his arrest, the police discovered eleven dollars in Gonzales's pocket.[15]

In November 2005, Gonzales was indicted on two counts of rape, one count of kidnapping, one count of aggravated robbery, and one count of aggravated burglary,[16] all

---

[14] *See*, ECF # 6, Attachment (State court record at 82-83) (appellee's brief); *see also*, ECF # 7 (Traverse) at 2.

[15] ECF # 6, Attachment at 82-83.

[16] *Id.* at 1-3.

counts first-degree felonies, to which Gonzales entered pleas of not guilty.[17]  Gonzales

changed his pleas to guilty on all five counts and stipulated to classification as a sexual

predator in April 2006.[18]

Following plea negotiations, and the trial court's merger of the kidnapping charge

with the rape charge, Gonzales was sentenced to two nine-year prison terms for each count

of rape, an eight-year prison term for the count of aggravated robbery, and an eight-year

prison term for the count of aggravated burglary, all to be served consecutively for a

combined thirty-four year prison sentence.[19]  Consistent with the negotiated plea, the trial

court also found Gonzales to be a sexual predator. [20]

## B.    Direct Appeal

Gonzales, through new counsel,[21] timely appealed his conviction and sentence to the

Third District Court of Appeal, Hancock County,[22] raising the following assignments of

error:

---

[17] *Id.*

[18] *Id.* (State Exhibit 2) (appellant pleas of guilty) at 4-7.

[19] ECF # 1.

[20] *Id.*

[21] Katherine A. Szudy, Assistant State Public Defender, has consistently represented
Gonzales since Gonzales's first direct appeal.

[22] ECF # 6, Attachment 1 (notice of appeal to the Third District Court of Appeals,
Hancock County, Findlay, Ohio, of Joseph J. Gonzales, Jr.) at 20-73.  Gonzales's appeal to
the Third District Court of Appeals filed on November 9, 2006.

1.  The trial court erred by imposing non-minimum, consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution.  Fifth, sixth, and Fourteenth Amendments to the United States Constitution; *Blakey v. Washington* (2004), 542 U.S. 296; *United States v. Booker* (2005), 543 U.S. 220.  (August 24, 2006 Judgment Entry; August 11, 2006 Sentencing Hearing T. pp 55-66).[23]

2.  Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the trial court's imposition of non-minimum, consecutive sentences. (August 24, 2006 Judgment Entry; August 11, 2006 Sentencing Hearing T. pp 55-66).[24]

3.  The trial court committed plain error and denied Mr. Gonzales due process of law by imposing non-minimum, consecutive sentences. Fifth and Fourteenth Amendments to the United States Constitution; Section 116, Article I of the Ohio Constitution. (August 24, 2006 Judgment Entry; August 11, 2006 Sentencing Hearing T. pp 55-66).[25]

4.  The trial court did not have the authority to impose consecutive sentences. (August 24, 2006 Judgment Entry; August 11, 2006 Sentencing Hearing T. pp 55-66).[26]

In response to Gonzales's appeal, the state filed a brief[27] opposing the assignments of error cited by Gonzales, and Gonzales filed a reply brief.[28]  The Third District Court of Appeals, Hancock County, affirmed the trial court's judgment.[29]  The appeals court found

---

[23] *Id.*, at 20-32.

[24] *Id.*, at 33-34.

[25] *Id.*, at 34.

[26] *Id.*, at 34-35.

[27] *Id.*, (State's brief) at 74-110.

[28] *Id.*, (Gonzales's reply brief) at 111-29.

[29] *Id.*, (Third Appellate District Hancock County judgment entry) at 130-38.

that Gonzales waived his third assignment of error because he failed to raise a challenge to the application of *Foster* at the state trial level.[30]

As a result, Gonzales filed an appeal to the Ohio Supreme Court, asserting the following three propositions of law:[31]

1. The remedy that this Court set forth in *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856 violates the Ex Post Facto and Due Process Clauses of the United States Constitution.[32]

2. Trial counsel provides ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to a trial court's retroactive application of the remedy that this Court set forth in *State v. Foster*.[33]

3. A trial court commits plain error and denies a defendant due process of law by retroactively apply this Court's remedy as set forth in *Foster*. Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution.[34]

4. Trial courts do not have the authority to impose consecutive sentences.[35]

Without a response from the state, the Ohio Supreme Court declined to exercise jurisdiction on December 12, 2007, and dismissed the appeal as not involving any substantial

---

[30] *Id.*, at 133.

[31] *Id.*, (notice of appeal to Ohio Supreme Court of Joseph J. Gonzales, Jr.) at 139-70. Gonzales's appeal to the Ohio Supreme Court filed on July 5, 2007.

[32] *Id.*, at 142-49.

[33] *Id.*, at 149-50.

[34] *Id.*, at 150.

[35] *Id.*

constitutional question.[36]  The record does not show that Gonzales filed for a writ of certiorari from the United States Supreme Court.

## C.    Federal habeas petition

Again represented by the Ohio Public Defender, Gonzales filed a timely petition for writ of habeas corpus in this court under 28 U.S.C. § 2254.[37]  Gonzales asserted the following grounds of relief:

> Ground One:  The remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856 violates the Ex Post Facto and Due Process Clauses of the United States Constitution.[38]
>
> Supporting Facts:  In February 2006, the Ohio Supreme Court found portions of Ohio's sentencing guidelines unconstitutional and severed the parts of the statutes that were unconstitutional, including Ohio Revised Code Sections 2929.14(B) and 2929.14(E).[39]  Even though the court considered these sentencing guidelines unconstitutional, the trial court had to sentence Mr. Gonzales under the statutes that were in place at the time the crime was committed (November 18, 2005).[40]
>
> Ground Two:  Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, for failing to object to the trial court's imposition of non-minimum, consecutive sentences.[41]
>
> Supporting Facts:  In February 2006, the Ohio Supreme Court found portions of Ohio's sentencing guidelines unconstitutional and severed the parts of the

---

[36] *Id.*, (State Exhibit 9) (Ohio Supreme Court judgment entry) at 171.

[37] ECF # 1.  Gonzales's petition filed September 24, 2008.

[38] *Id.* at 14.

[39] *Id.* at 14-16.

[40] *Id.*

[41] *Id.* at 16.

statutes that were unconstitutional, including Ohio Revised Code Sections 2929.14(B) and 2929.14(E). Even though these sentencing guidelines were unconstitutional, the trial court had to sentence Mr. Gonzales under the statutes that were in place at the time his crime (November 18, 2005). Mr. Gonzales' counsel knew that the court had to sentence Gonzales under the guidelines in place in November 2005. At trial, Mr. Gonzales' attorneys proved ineffective in their failure to object when the trial court imposed non-minimum, consecutive sentences. Had Mr. Gonzales' counsel objected, an appeal would be permissible in regards to the non-minimum, consecutive sentences imposed by *State v. Foster*.[42]

Ground Three: The trial court committed plain error and denied Mr. Gonzales due process of law by imposing non-minimum, consecutive sentences. Fifth and Fourteenth Amendments to the United States Constitution.[43]

Supporting Facts: The trial court exceeded its authority and committed a prejudicial and plain error when it retroactively applied the Ohio Supreme Court's remedy from *State v. Foster*.[44]

In response, the State filed a return of writ.[45] In the return of writ, the State noted that Gonzales's ex post facto and due process challenges in ground one are procedurally defaulted because of Gonzales's failure to object to being sentenced under the sentencing statutes the Ohio Supreme Court modified in the *Foster* decision.[46] As a result, the appeals court, after noting that this claim was waived for failure to object at trial, then held that it could review

---

[42] *Id.*

[43] *Id.* at 17.

[44] *Id.*

[45] ECF # 6.

[46] *Id.* at 7.

Gonzales's claim based only on plain error.  Thus, the State argues that Gonzales's first claim is now procedurally defaulted.[47]

The State further argues, in response to Gonzales's claim of ineffective assistance of counsel asserted as the second ground for federal habeas relief, that Gonzales is unable to establish cause or prejudice to excuse his procedural default because he in fact, did not, receive ineffective assistance of counsel.[48]

Gonzales responded with a traverse.[49]  In that traverse, Gonzales first disagrees with the State's characterization of the state appellate court's analysis of Gonzales's federal constitutional claims.[50]  Gonzales asserts that no procedural bar exists on his constitutional claims.[51]  He further argues that the decision was "contrary to, or involved an unreasonable application of, clearly established federal law" and "resulted in a decision that was based on an unreasonable determination of the facts based on the evidence presented in the State court proceeding."[52]  In addition, Gonzales argues that the Ohio Supreme Court's application of

---

[47] *Id.* at 7-8.

[48] *Id.* at 8-10.  The Supreme Court has in place a two-part test for determining whether counsel was ineffective. In order to show ineffective counsel, the defendant must show that "counsel's representation fell below an objective standard of reasonableness" and that defendant's counsel was prejudiced. In order to show prejudice, there must be an error made at trial that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." This test was determined from the case *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[49] ECF # 7.

[50] *Id.* at 2.

[51] *Id.*

[52] *Id.* at 3.

the *Foster* remedy to Ohio defendants was unconstitutional because the statutes' revised maximum sentences are higher than were in effect at the time when Gonzales's crime occurred.[53]  As a result, Gonzales argues that the Ohio Supreme Court's remedy violates the ex post facto and due process clauses of the United States Constitution.[54]

Moreover, in response to the State's claim that Gonzales's trial counsel was not constitutionally ineffective, Gonzales argues here, in essence, that the ineffectiveness of his trial counsel is established by the prejudice accruing to him as a result of counsel's failure to raise objections to the sentence at trial so that the matter could be preserved for appeal.[55]

## Analysis

### A.  Preliminary observations

As a preliminary matter, I note that the parties do not dispute, and my own review confirms, that: (1) Gonzales is in state custody in Ohio as a result of his conviction and re-sentencing, thus providing jurisdiction for this Court to review his claims;[56] (2) the present petition was timely filed within one year of the conclusion of his direct state appeals;[57] and

---

[53] *Id.* at 6.

[54] *Id.* at 7.

[55] *Id.* at 14.

[56] 28 U.S.C. § 2254(a); *Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995).

[57] 28 U.S.C. § 2244(d)(1).

-10-

(3) the grounds for relief asserted here have been totally exhausted in Ohio courts.[58]  Thus, I recommend finding that these predicates to habeas review have been met.

Moreover, I note that Gonzales has not requested an evidentiary hearing.[59]  Since, as noted earlier, the factual record is not contested in any material respect, I further recommend finding that no evidentiary hearing is warranted in this matter.[60]

## B.    Standards of review

### 1.    *Contrary to, or unreasonable application of, clearly established federal law*

Under 28 U.S.C. § 2254(d)(1), when the federal habeas claim was adjudicated on the merits by the state court, the writ may not issue from the federal court unless the state decision at issue was either "contrary to," or involved an "unreasonable application of," clearly established federal law.

As is now well-established, the terms "contrary to" and "unreasonable application of" are not identical.  The words "contrary to" are to be understood as meaning "diametrically different, opposite in character or nature, or mutually opposed."[61]  Under the "unreasonable application" language, a federal habeas court may grant relief only if the state court correctly identifies the governing legal principle applicable to the petitioner's claim but then unreasonably applies that principle to the facts of the petitioner's case.[62]  The proper inquiry

---

[58] 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

[59] *See*, 28 U.S.C. § 2254(e)(2).

[60] *See*, *Reynolds v. Bagley*, 498 F.3d 549, 552 (6th Cir. 2007).

[61] *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[62] *Id*. at 407-08.

-11-

under this clause on habeas review is whether the state court decision was "objectively unreasonable," not simply erroneous or incorrect.[63]  In addition, when analyzing the state court adjudication under either of these tests, the federal habeas court must locate clearly established federal law in the holdings of the United States Supreme Court.[64]

## 2.     *Imposition of consecutive sentences*

In Ohio, the imposition of consecutive sentences had been governed by the teaching of the Ohio Supreme Court in *Foster*.  In that case, the Ohio Supreme Court found that because imposing more than minimum sentences then required judicial fact-finding to support that decision, those aspects of Ohio's sentencing statute were unconstitutional "when measured against the Sixth Amendment principles established in *Blakely*."[65]  However, subsequent to *Foster*, the United States Supreme Court has decided *Oregon v. Ice*,[66] wherein it found that a state sentencing statute that provides for the imposition of consecutive sentences based on judicial fact-finding does not violate *Blakely*.  Specifically, *Ice* concluded that the Sixth Amendment does not preclude states from assigning to judges, rather than to juries, the task of finding any facts necessary for the imposition of consecutive, rather than concurrent, sentences.[67]

---

[63] *Id*. at 409-11.

[64] *Id.* at 412.

[65] *Foster*, 109 Ohio St. 3d at 18, 845 N.E.2d at 489 (citing *Blakely v. Washington*, 542 U.S. 296 (2004)).

[66] *Oregon v. Ice*, __ U.S. __, 129 S. Ct. 711 (2009).

[67] *Id.* at 714-15.

In addition, the Sixth Circuit has recently held that when a federal court has imposed a federal sentence to run consecutively to an undischarged state sentence, those sentencing terms "did not violate Defendant's Sixth Amendment rights under *Booker*."[68]

### 3. *Less than minimum sentences/due process and ex post facto*

The United States Constitution specifically prohibits the states from enacting ex post facto legislation.[69]  Similarly, the Supreme Court in *Bouie v. City of Columbia* held that due process prohibits the retroactive application of any judicial decision construing a criminal statute when such application "is unexpected and indefensible by reference to the law which has been expressed prior to the conduct at issue[.]"[70]  While the language in *Bouie* reflects ex post facto concepts, the Court in the later case of *Rogers v. Tennessee* explained that *Bouie*, in fact, "rested on core due process concepts of notice, foreseeability, and in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct."[71]

In *United States v. Barton*,[72] the Sixth Circuit construed the Supreme Court's holdings in *Bouie* and *Rogers* to mean that "when addressing ex post facto- due process concerns [in sentencing cases], questions of notice, foreseeability, and fair warning are paramount."[73]

---

[68] *United States v. Rainer*, 314 F. App'x 846, 2009 WL 323134 (6th Cir. 2009).

[69] United States Constitution, Art. I, § 10, Clause 1.

[70] *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964).

[71] *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001).

[72] *United States v. Barton*, 455 F.3d 649 (6th Cir. 2006).

[73] *Id*. at 655 (citing *Rogers*, 532 U.S. at 459).

-13-

Ohio's pre-*Foster* sentencing scheme was based on presumptive minimum sentences that could then be increased within a statutory range upon the finding of certain facts by the trial judge.[74]  Accordingly, the question as to whether a retroactive application of *Foster* to Ohio sentences results in a violation of rights pronounced in *Bouie* and *Rogers* is, essentially, a question as to whether, post-*Foster*, it was foreseeable that a person convicted in Ohio would be liable for non-minimum sentences.

Every federal district court in Ohio to have adjudicated an ex post facto – due process challenge to a post-Foster sentence has rejected the argument that *Bouie* and *Rogers* are violated by such a sentence.[75]  Indeed, as was specifically found by the Court in *Watkins v.*

---

[74] *Sanchez v. Konteh*, No. 3:07-cv-2166, 2009 WL 539710, at *8 (N.D. Ohio March 4, 2009) (Gaughan, J.).

[75] *See, e.g.*, *Thompson v. Williams*, — F. Supp. 2d —, 2010 WL 481262 (N.D. Ohio Feb. 5, 2010) (Gaughan, J.); *Roper v. Beightler*, Case No. 5:09-cv-267, 2010 WL 424964 (N.D. Ohio Jan. 27, 2010) (Boyko, J.); *Smith v. Timmerman-Cooper*, Case No. 1:08-cv-380, 2009 WL 3172867 (N.D. Ohio Sep. 25, 2009) (Polster, J.); *Allen v. Hudson*, Case No. 1:08-cv-1825, 2009 WL 1649312 (N.D. Ohio June 10, 2009) (Lioi, J.); *Kelley v. Brunsman*, 625 F. Supp. 2d 586 (S.D. Ohio 2009) (Spiegel, J.); *Woody v. Welch*, Case No. 3:08-cv-2534, 2009 WL 1440828 (N.D. Ohio May 20, 2009) (Oliver, J.); *Newman v. Wilson*, Case No. 5:08-cv-483, 2009 WL 1212262 (N.D. Ohio April 30, 2009) (Oliver, J.); *Shie v. Voorhies*, Case No. 1:08-cv-194, 2009 WL 1212473 (N.D. Ohio April 30, 2009) (Polster, J.); *Turner v. Warden*, Case No. 1:08-cv-309, 2009 WL 866841 (S.D. Ohio March 31, 2009) (Spiegel, J.); *Sanchez*, 2009 WL 539710 (Gaughan, J.); *Smith v. Brunsman*, 626 F. Supp. 2d 786 (S.D. Ohio 2009) (Barrett, J.); *Keith v. Voorhies,* Case No. 1:06-cv-2360, 2009 WL 185765 (N.D. Ohio Jan. 23, 2009) (Lioi, J.); *Rampey v. Wilson*, Case No. 5:07-cv-152, 2009 WL 161344 (N.D. Ohio Jan. 22, 2009) (Lioi, J.); *Smith v. Wilson*, Case No. 1:08-cv-845, 2008 WL 4758696 (N.D. Ohio Oct. 29, 2008) (Oliver, J.); *Pitts v. Warden*, Case No. 3:08-cv-497, 2008 WL 4758697 (N.D. Ohio Oct. 29, 2008) (Oliver, J.); *Wentling v. Moore*, Case No. 3:07-cv-3089, 2008 WL 2778510 (N.D. Ohio July 14, 2008) (Boyko, J.); *Watkins v. Williams*, Case No. 3:07-cv-1296, 2008 WL 2484188 (N.D. Ohio June 17, 2008) (Adams, J.); *Lyles v. Jeffreys*, Case No. 3:07-cv-1315, 2008 WL 1886077 (N.D. Ohio April 24, 2008) (Oliver, J.); *Hooks v. Sheets*, Case No. 1:07-cv-520, 2008 WL 4533693 (S.D. Ohio Oct. 3, 2008) (Beckwith, C.J.); *Retting v. Jefferys*, 557 F. Supp. 2d 830 (N.D. Ohio 2008) (Polster,

*Williams*, "a defendant [in Ohio] was aware of the maximum penalty he faced prior to committing his crime.  *Foster* did not alter this maximum, it merely abrogated judicial fact finding."[76]

Thus, although the Sixth Circuit has not yet directly ruled on this claim,[77] the clear, uniform conclusion of every federal habeas court in Ohio to have considered the issue is that because an Ohio criminal defendant was aware prior to *Foster* that his potential penalty could be increased above a minimum, such a defendant cannot claim after *Foster* that he could not foresee that he would be liable for a non-minimum sentence. Thus, retroactive application of *Foster* to sentencing produces no violation of due process.

### 4.    *Ineffective assistance of counsel*

Claims of ineffective assistance of counsel are adjudicated pursuant to the well-known standard of *Strickland v. Washington*.[78]  In *Strickland*, the Supreme Court articulated a two-part test that a defendant must satisfy to establish a Sixth Amendment violation:  (1) "the defendant must show that counsel's performance was deficient," and (2) "the defendant must show that the deficient performance prejudiced the defense."[79]

---

J.); *McGhee v. Konteh*, Case No. 1:07-cv-1408, 2008 WL 320763 (N.D. Ohio Feb. 1, 2008) (Nugent, J.).

[76] *Watkins*, 2008 WL 2484188, at *3.

[77] The Sixth Circuit is presently considering an appeal in *Hooks*, 2008 WL 4533693, which is one of the cases to reject a due process challenge to retroactive application of *Foster*.  *See*, *Hooks v. Sheets*, 2008 WL 4533693.

[78] *Strickland v. Washington*, 466 U.S. 668 (1984).

[79] *Id*. at 687.

-15-

Under the first prong of deficient performance, a defendant must show that his counsel's representation "fell below an objective standard of reasonableness."[80] In making that determination, the court must be highly deferential to counsel's actions; that is, it "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance ... [such] that under the circumstances, the challenged action 'might be considered sound trial strategy.'"[81] Actions should not be evaluated in hindsight, but from the perspective of circumstances at the time of the alleged errors.[82] The key is not whether counsel's choices ultimately were strategically beneficial, but whether they were reasonable at the time.[83] To that end, counsel must make a reasonable investigation into possible alternatives, but once having done so, will be presumed to have acted reasonably in selecting the action taken.[84]

To show prejudice under *Strickland*'s second prong, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[85] A "reasonable probability is a probability

---

[80] *Id*. at 688.

[81] *Id.* at 689 (internal citations omitted).

[82] *Id*. at 690.

[83] *Roe v. Flores*, 528 U.S. 470, 481 (2000).

[84] *Strickland*, 466 U.S. at 691.

[85] *Id*. at 694.

sufficient to undermine confidence in the outcome."[86]  In arriving at that determination, courts are to "consider the totality of the evidence before the judge or jury."[87]

Both of the prongs of the test must be met in order for the writ to issue; thus, courts need not address the issue of deficient performance if the petitioner cannot establish prejudice.[88]

## 5.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[89]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

    (1)    Does a state procedural rule exist that applies to the petitioner's claim?

    (2)    Did the petitioner fail to comply with that rule?

    (3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[86] *Id*.

[87] *Id*. at 695.

[88] *Id*. at 697.

[89] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[90]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[91]

If a procedural default is established, the default may be overcome if the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation.[92]  In addition, procedural default may also be excused by a showing of actual innocence.[93]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[94]  Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire

---

[90] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[91] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[92] *Deitz v.Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[93] *Id.*

[94] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

-18-

proceeding with error of a constitutional dimension.[95]  There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[96]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[97]  In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[98]

**C.   Application of standards of review**

**1.   *I recommend bypassing the procedural default/waiver issue raised by the State to deny Gonzales's claims on the merits.***

As noted, the State argues that ground one – which challenges Gonzales's re-sentencing under *Foster* on ex post facto and due process grounds – should here be dismissed as waived or procedurally defaulted because Gonzales made no contemporaneous objection to his sentence, as is required in Ohio to preserve an issue for later review. Gonzales contends here, as he did on appeal, that his failure to object at the original sentencing should now be excused due to his trial counsel's ineffectiveness.

---

[95] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[96] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[97] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[98] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

The Sixth Circuit has recognized that the federal habeas court need not adjudicate a claimed instance of procedural default or waiver if doing so would be unnecessary to resolving the underlying habeas claim against the petitioner.  Here, Gonzales's cause and prejudice response to the procedural default claim fundamentally involves the questions of whether the *Foster* sentencing scheme is constitutional and what Gonzales's trial counsel should have known concerning *Foster*'s constitutionality at the time of the sentencing.

Since, as was developed more fully above, the clear teaching of every Ohio and federal court to consider the matter is that Ohio sentencing under *Foster* is fully constitutional, I recommend bypassing the procedural default/waiver issue in this case so as to deny the claims on the merits.  In this way, this Court does not need to engage the complicated question of what would have been reasonable for Ohio counsel to argue at the time of sentencing and further allows it to deny this petition on the merits based on clear precedent from all other federal courts to have considered the issue.

**2.      *I recommend that all other grounds for relief be denied.***

In this case, I note first that the United States Supreme Court in *Ice* has definitively pronounced that the imposition of consecutive sentences is constitutionally permissible. Thus, to the extent that the present petition rests on a claim to the contrary, I recommend finding that the state court decision in this respect is not contrary to, nor an unreasonable application of, clearly established federal law.

Moreover, I also recommend finding that the state appellate court decision as it concerns the claims of ex post facto and due process violations arising from the application

of Foster to the sentence here is also neither contrary to, nor an unreasonable application of clearly established federal law. The extensive, well-reasoned opinions by the numerous federal habeas courts in Ohio to have considered this question are here incorporated by reference.

## Conclusion

For the foregoing reasons, I recommend that the petition of Joseph J. Gonzales, Jr. for a writ of habeas corpus be denied.

Dated:   February 26, 2010                                  s/ William H. Baughman, Jr.
                                                            United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[99]

---

[99] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).