UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
JOSEPH GONZALES, JR.,                           :        CASE NO. 3:08-CV-2269
                                                :
            Petitioner,                         :
                                                :
vs.                                             :        OPINION & ORDER
                                                :        [Resolving Doc. Nos. 9, 11.]
ROBERT WELCH, WARDEN,                           :
                                                :
                                                :
            Respondent.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Joseph Gonzales, Jr. petitions for a writ of habeas corpus under 28 U.S.C § 2254. [Doc.1 at 1.] Gonzales seeks relief from the thirty-four-year sentence that an Ohio state court imposed following his guilty plea to aggravated burglary, aggravated robbery, and two counts of rape. [*Id*.] Magistrate Judge William H. Baughman, Jr. recommends that this Court deny Gonzales's petition. Gonzales objects to that recommendation. [Doc. 9 at 2.] For the following reasons, the Court **ADOPTS** the Magistrate Judge's report and recommendation and **DENIES** Gonzales's habeas petition.

**I. Background**

On November 18, 2005, Gonzales forced his way into the home of Celeste McGee, led her into a bedroom, and raped and robbed her. Gonzales was indicted on two counts of rape, one count of kidnapping, one count of aggravated robbery, and one count of aggravated burglary. [Doc. 6-1 at

-1-

Case No. 3:08-CV-2269
Gwin, J.

1-3.]

Subsequent to Gonzales's arrest in November 2005, but before his sentencing in April 2006, the Ohio Supreme Court decided *State v. Foster,* 845 N.E.2d 470 (Ohio 2006). Prior to *Foster,* Ohio law required that a defendant receive the shortest prison term authorized for the crime unless the court found that the defendant was already serving a prison term at the time of the offense, or that the shortest prison term would "demean the seriousness of the offender's conduct or [would] not adequately protect the public . . . ." Ohio Rev. Code Ann. § 2929.14(B) (2005). A court could impose consecutive terms only if it found that consecutive sentences were "necessary to protect the public from future crime or to punish the offender," that the sentences were not "disproportionate to the danger the offender pose[d] to the public," and one of the following:

> a) The offender committed one or more of the offenses while the offender was awaiting trial, sentencing, or while under supervision;
>
> b) At least two of the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term of any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or
>
> c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* § 2929.14(E)(4) (2005).

*Foster* held unconstitutional those portions of Ohio sentencing law that permitted harsher sentences on the basis of facts found by the sentencing judge, rather than the jury. 845 N.E.2d at 490. As a remedy, *Foster* severed those offending portions, giving trial courts discretion to impose any sentence within the statutory range without first making findings. *Id*.

On April 28, 2006, Gonzales pled guilty to all five counts. Gonzales's kidnapping charge was

-2-

Case No. 3:08-CV-2269
Gwin, J.

merged with his rape charge and, following plea negotiations, he was sentenced to two nine-year prison terms for each count of rape, an eight-year term for aggravated robbery, and another eight-year term for aggravated burglary. The Ohio court ordered the terms to be served consecutively for a combined prison term of thirty-four years.[Doc. 9 at 2.]

Gonzales, having exhausted his direct appeals, now asks this Court for habeas relief from that sentence. He presents three related grounds for relief:

> Ground One: The remedy that the Ohio Supreme Court set forth in [*State v. Foster,* 845 N.E.2d 470 (Ohio 2006)] violates the Ex Post Facto and Due Process Clauses of the Unites States Constitution. [Doc. 1 at 14.]
>
> Ground Two: The trial court committed plain error and denied Mr. Gonzales due process of law by imposing non-minimum, consecutive sentences. [*Id.* at 17.]
>
> Ground Three: Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, for failing to object to the trial court's imposition of non-minimum, consecutive sentences. [*Id.* at 16.]

The Magistrate Judge recommends that this Court deny Gonzales's petition. [Doc. 9 at 2.] Gonzales raises three objections to the Magistrate Judge's recommendation. First, he renews his objection that his sentencing under *Foster* was a violation of the Ex Post Facto and Due Process Clauses of the Constitution. Second, he says the Magistrate wrongly determined that the severance in *Foster* was constitutional and analogous to the Supreme Court's remedy in *United States v. Booker*, 543 U.S. 220 (2005). And third, he says his trial counsel was constitutionally ineffective by not raising these issues at trial.[1]

## II. Legal Standard

---

[1] This Court will bypass the procedural default and waiver issue raised by the State and resolve Gonzales's claim on the merits. *See Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003) (court can proceed directly to merits of ineffective assistance of counsel claim raised by habeas petitioner where procedural default issue presents complicated question of state law).

Case No. 3:08-CV-2269
Gwin, J.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs a federal court's review of a state prisoner's habeas corpus petition.  AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  *See also* *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  Under the "unreasonable application" clause, "a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.  28 U.S.C. § 636(b)(1).

### III . Analysis

*1. Gonzales's Ex Post Facto / Due Process Claims.*

-4-

Case No. 3:08-CV-2269
Gwin, J.

Gonzales says that the retroactive application of *State v. Foster,* 845 N.E.2d 470 (Ohio 2006) to his sentence—resulting in greater-than-minimum and consecutive sentences absent the findings required by Ohio Revised Code § 2929.14(B) and (E)—violated the Ex Post Facto Clause and the Due Process Clause.

Gonzales's argument that the application of *Foster* to his sentence violated the Ex Post Facto Clause fails. As the Supreme Court has explained, that Clause is "'a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government.'" *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (citation omitted).

Of course, basic restrictions on ex post facto judicial decisionmaking inhere in the Due Process Clause, and Gonzales also seeks relief under that Clause. But the rub with Gonzales's argument is that *Foster* did not alter the sentencing range available under § 2929.14(A), it merely did away with the threshold requirement of judicial fact finding. Thus, Gonzales was aware of the maximum penalty he faced prior to committing his crimes in November 2005. *See Watkins,* 2008 WL 2484188 at *3. Gonzales cannot, therefore, complain that he did not receive "notice" or "fair warning" that his criminal conduct might have resulted in the thirty-four-year sentence he received. *See U.S. v. Barton*, 455 F.3d 649, 654-55 (6th Cir. 2006).

For that reason, every Court in this district to address an ex post facto challenge to a retroactive sentencing under *Foster* has rejected it. *See Lininger v. Welch*, No. 3:08CV3006, 2010 WL 2598209 (N.D. Ohio June 24, 2010), (Gwin, J.); *McGhee v. Konteh*, No. 1:07CV1408, 2008 WL 320763 (N.D. Ohio Feb. 1, 2008), (Nugent, J); *Lyles v. Jeffreys*, No. 3:07CV1315, 2008 WL 1886077 (N.D. Ohio Apr. 24, 2008), (Oliver, J.); *Cooper v. Hudson*, No. 3:07CV610, 2008 WL 2001282 (N.D. Ohio May 5, 2008), (Polster, J.); *Watkins v. Williams*, No. 3:07CV1296, 2008 WL

-5-

Case No. 3:08-CV-2269
Gwin, J.

2484188 (N.D. Ohio June 17, 2008),(Adams, J.); *Keith v. Voorhies*, No. 1:06CV2360, 2009 WL 185765 (N.D. Ohio Jan. 23, 2009), (Lioi, J.); *McKitrick v. Smith*, No. 3:08CV597, 2009 WL 1067321 (N.D. Ohio Apr. 21, 2009), (Gaughin, J.); *Orwick v. Jackson*, No. 3:09CV0232, 2009 WL 4043352 (N.D. Ohio Nov. 20, 2009), (Boyko, J.); *Newsome v. Brunsman*, No. 1:08CV1938, 2010 WL 319792, (N.D. Ohio Jan. 20, 2010), (Zouhary, J.); *Ashley v. Gansheimer*, No. 1:08CV2556, 2010 WL 1924459 (N.D. Ohio May 12, 2010), (O'Malley, J.). Gonzales does not now persuade this Court to depart from such uniform precedent.

Consequently, Gonzales's sentence under *Foster* does not violate any of the requirements of notice, foreseeability, and fair-warning. This Court, therefore, denies Gonzales's Ex Post Facto / Due Process claim.

*2. Gonzales's Claim that* Foster *is not constitutional and analogous to* Booker.

Gonzales says that the statutory severance performed by the Ohio Supreme Court in *Foster* was unconstitutional and not analogous to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005). [Doc. 11 at 4.] As its model in *Foster,* the Ohio Supreme Court relied on *Booker*, where the Supreme Court severed portions of a federal criminal statute. *Foster*, 845 N.E.2d at 496.

Gonzales says that *Foster* differs from *Booker* in several ways. Specifically, that *Foster* eliminated: "(1) the presumption that a defendant would receive minimum, concurrent prison sentences; (2) a trial court's duty to explain its reasons for departing from the sentencing guidelines; (3) the ability of an appellate court to review a sentence; and (4) any real chance of accomplishing the Legislature's goal of establishing uniformity and proportionality in Ohio's criminal sentencing." [Doc. 11 at 6.]

Case No. 3:08-CV-2269
Gwin, J.

Gonzales's first claim—that the *Foster* remedy is unconstitutional because it removes the presumption of minimum and concurrent sentences—must fail because *Foster* was not contrary to clearly-established federal law. *See Pitts v. Warden*, No. 3:08-cv-497, 2008 WL 4758697 at *8 (N.D. Ohio Oct. 29, 2008) ("[T]he Supreme Court has never held that the retroactive application of a judicial reconstruction of a statute that results in the loss of a presumption of a minimum sentence within a sentencing range violates the Ex Post Facto Clause or the Due Process Clause of the constitution.")

Gonzales's second and third claims—that *Foster* eliminates a court's duty to explain its reasons for departing from the sentencing guidelines, as well as the ability of an appellate court to review a sentence—are equally unpersuasive. While it is true that *Foster* does not require a sentencing court to explain a sentence within the permitted sentencing range, and that as a result it may be more difficult for a defendant to appeal a sentence on certain grounds, *see Woody v. Welch*, No. 3:08CV2534, 2009 WL 1440828 at *10 (N.D. Ohio May 20, 2009), Ohio law still provides that a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right if "the sentence is contrary to law." Ohio Rev. Code Ann. §2953.08(A)(4). Furthermore, "the Supreme Court has never held that the retroactive application of a judicial reconstruction of a statute violates the Ex Post Facto clause if it results in the loss of a right to appeal a sentence based on a mistake of fact or law." *Woody*, 2009 WL 1440828 at *2. Thus, Gonzales's sentence under *Foster* was not contrary to clearly established federal law.

Finally, Gonzales's fourth claim is that the *Foster* remedy eliminates any real chance of accomplishing the Ohio Legislature's goal of establishing uniformity and proportionality in Ohio's criminal sentencing. But, contrary to Gonzales's assertion, the remedy chosen in *Foster* did not

-7-

Case No. 3:08-CV-2269
Gwin, J.

"detract from the overriding objectives of the General Assembly, including the goals of protecting the public and punishing the offender." *Foster*, 845 N.E.2d at 498. The Ohio Supreme Court chose severance because it was the remedy that would "best preserve the paramount goals of community safety and appropriate punishment and the major elements of the sentencing code" and because it would "most effectively preserve the General Assembly's goal of 'truth in sentencing'" as well as preserve the overwhelming majority of reforms contained in the statute. *Id*.

Gonzales's argument that the statutory severance applied by the Ohio Supreme Court in *Foster* is unconstitutional does not demonstrate that his sentence was contrary to, or an unreasonable application of federal law. This Court, therefore, denies Gonzales's second objection.

*3. Gonzales's Claim of Constitutionally Ineffective Counsel.*

Gonzales says his trial counsel was constitutionally ineffective. [Doc. 11 at 6.] Specifically, Gonzales says that his attorney failed to object to the imposition of a non-minimum, consecutive sentence and failed to challenge the *Foster* holding.

A claim of ineffective assistance of counsel is assessed according to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Stickland*, the Supreme Court held that a defendant must fulfill a two-part test in order to demonstrate a Sixth Amendment violation due to ineffective counsel: (1) "The defendant must show that counsel's performance was deficient" and (2) "the defendant must show that the deficient performance prejudiced the defense." *Id*. at 687. In order to demonstrate prejudice under this test, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Gonzales's Ex Post Facto Clause and Due Process Clause claims are unpersuasive and, as

Case No. 3:08-CV-2269
Gwin, J.

discussed above, are of a type that has routinely been dismissed by courts in this district and Ohio state courts.  Because of this overwhelming precedent, Gonzales fails to demonstrate that, but for his attorney's failure to raise these objections, there is a reasonable probability that the outcome would have been different. This Court, therefore, denies Gonzales's ineffective assistance of counsel claim because Gonzales was not prejudiced.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's report and recommendation and **DENIES** Gonzales's petition. The Court certifies, however, that an appeal from this decision could be taken in good faith and thus issues a certificate of appealability under 28 U.S.C. § 2253(c) as to whether the retroactive application of *Foster* to Gonzales's sentence was contrary to or an unreasonable application of clearly established federal law.

IT IS SO ORDERED.


Dated: August 13, 2010                            *s/     James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE